RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 7/14/14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| RODNEY BROWN #324975 | DOCKET NO. 13-CV-3229; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| NURSE LONG, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION

*Pro se* Plaintiff Rodney Brown filed the instant civil rights complaint *in forma pauperis* and pursuant to 42 U.S.C. §1983. He was ordered to amend to provide additional factual information, and the amended complaint was filed on April 11, 2014. [Doc. #11] Plaintiff is an inmate in the custody of Louisiana's Department of Corrections (LDOC), incarcerated at Winn Correctional Center in Winnfield, Louisiana. Plaintiff complains that he was denied adequate medical care. He names as defendants Nurse Long, Medical Director Marr, and Warden Tim Keith.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court.

### *Factual Allegations*

Plaintiff alleges that on May 1, 2013, he was stabbed in the left shoulder during a fight. He was escorted to the infirmary by Officer Gibson. At the infirmary, Plaintiff was evaluated by Nurse Long. Plaintiff alleges that Nurse Long "failed to exercise a professional judgment with the plaintiff when giving him treatment"

because Long only cleaned the wound and put "a big band-aid" over the area. Plaintiff believes that he should have been administered a tetanus shot "just in case the plaintiff would've had any type of infection." [Doc. #11, p.1]

Plaintiff claims that he received no further care. However, he submits a copy of the first step response form from the Unit Head stating that Plaintiff was seen again on May 7, 2013, for a dressing change. There were no signs of infection. Plaintiff was seen again on May 15, 2013, in sick-call. The nurse noted a "scabbed over healed scar" on the left shoulder. There were no signs of infection. Plaintiff was referred to the medical doctor or nurse practitioner for further evaluation due to Plaintiff's complaints of numbness. On May 29, 2013, Plaintiff was examined in the Cypress Unit by the medical doctor. The doctor noted that the wound was closed and healed. There were no signs or symptoms of edema or infection. The doctor ordered Motrin 800mg, twice per day for two weeks.

Plaintiff claims that the medical director did not do his job of ensuring that Plaintiff received proper medical care. He also alleges that the warden failed to do his job of ensuring that Plaintiff received adequate medical care.

### Law and Analysis

Prison officials violate the Eighth Amendment's prohibition against cruel and unusual punishment when they demonstrate

deliberate indifference to a prisoner's serious medical needs, constituting an "unnecessary and wanton infliction of pain." See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976) (internal quotations and citation omitted). A prison official acts with deliberate indifference if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994); see Reeves v. Collins, 27 F.3d 174, 176-77 (5th Cir. 1994)(applying Farmer to medical care claim).

To state a claim for deliberate indifference, a Plaintiff must allege that the defendants refused to treat him, purposefully gave him improper treatment, ignored his medical complaints, "or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006)(internal quotation marks and citation omitted). Plaintiff has failed to make any such non-conclusory allegations. ***Even unsuccessful treatment, medical malpractice, and acts of negligence do not constitute deliberate indifference; nor does a prisoner's disagreement with his medical treatment***, absent exceptional circumstances. See id.

Plaintiff has failed to allege deliberate indifference by any defendant. He does not allege that he sought or was deprived of

3

any additional medical care after the May 29, 2013, evaluation by the doctor. Even if the defendant was negligent or exercised poor judgment, the conduct does not constitute deliberate indifference. See Farmer v. Brennan, 511 U.S. 825, 835 (1994)("[D]eliberate indifference describes a state of mind more blameworthy than negligence."). What Plaintiff has alleged is his disagreement with the course of medical treatment and negligence, at best, both of which fail to state a claim for the denial of constitutional rights.

Moreover, supervisors such as Defendants Davis and Keith may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations or (ii) they implement unconstitutional policies that causally result in the plaintiff's injuries. See Mouille v. City of Live Oak, Tex., 977 F.2d 924, 929 (5th Cir. 1992), *cert. denied,* 508 U.S. 951 (1993); see also Robertson v. Sichel, 127 U.S. 507, 515-516 (1888)("A public officer or agent is not responsible for the misfeasances or position wrongs, or for the nonfeasances, or negligences, or omissions of duty, of the subagents or servants or other persons properly employed by or under him, in the discharge of his official duties."). Because vicarious liability is inapplicable to §1983 suits, a plaintiff must plead that each supervisory defendant, through the official's own individual actions, has violated the Constitution. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).

Plaintiff has not made any such allegations here.

### Conclusion

For the forgoing reasons, it is evident that Plaintiff fails to state a claim for which relief can be granted. Thus, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED** and **DISMISSED WITH PREJUDICE** under 28 U.S.C. §1915(e)(2)(B) and 1915A.

### Objections

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this ___14th___ day of July, 2014.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE